UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00053-FDW-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JOHN WALTER COZART, ) | |
| ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| COMMTECH WIRELESS, ) | |
| ) | |
| Garnishee ) | |

**THIS MATTER** is before the Court sua sponte for reconsideration of the Court's most recent order granting relief from garnishment. Doc. No. 31.

Defendant John Cozart pled guilty to one count of mail fraud in 2001. In 2010, the United States applied for a Writ of Continuing Garnishment upon the judgment entered against John Cozart, naming as the garnishee Defendant's employer Commtech Wireless. Commtech thereafter informed the Court that Cozart's wages were going to child support for two minor children. On May 18, 2011, the Court entered an order of garnishment that attached zero earnings of the Defendant until his two minor children turn eighteen, at which time 25% of his earnings would be garnished in favor of the United States.

Most recently, Cozart requested that the Court issue a similar order to the Social Security Administration, essentially asking the Court to disallow garnishment of 15% of his Social Security Disability Benefits. In that request, Cozart also informed the Court that he was no longer employed by Commtech wireless. See Doc. No. 27. In response, the Government filed a Motion for

Dismissal of Order of Garnishment (Doc. No. 29), requesting that the Court dismiss the 2011 Order of Garnishment, because Cozart no longer worked for Commtech Wireless. The Government also filed a response to Cozart's request for relief (Doc. No. 30), informing the Court that the Government is authorized to collect debts by administrative offset pursuant to the Debt Collection Improvement Act of 1996, 31 U.S.C. §3701 et seq.

Defendant alleged financial hardship as a basis for relief from garnishment, but failed to provide the Government with a financial affidavit which would have allowed the Government to determine whether to seek a reduction in the Treasury Offset percentage. While the Court retains the authority to adjust payment schedules pursuant to 18 U.S.C. s. 6664(k), TOP offsets are not part of any payment schedule, but are instead part of the government's collection activities. Congress duly promulgated a statutory system that provides for a limit to the amount that may be offset. In this case, the Government is limited to collecting 15% of Defendant's Social Security benefits. This percentage is part of a calculation that exempts the amounts calculated to be reasonably necessary to meet a person's individual monthly living expenses. The Court does not have the authority to grant the relief Defendant requests, which is full and total relief of any garnishment of his Social Security Benefits. Further, the Court does not order that the payment schedule be changed from $150/month. Based upon reconsideration of the issues, the Court DENIES Defendant's Motion for Relief from Garnishment (Doc. No. 27).

IT IS SO ORDERED.

Signed: June 8, 2015

Frank D. Whitney
Chief United States District Judge